**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SECURITY INSURANCE COMPANY OF
HARTFORD,
                          *Plaintiff,*

            and

ATLANTIC MUTUAL INSURANCE
COMPANY; COMMERCIAL UNION
INSURANCE COMPANY; FEDERAL
INSURANCE COMPANY; LIBERTY
MUTUAL INSURANCE COMPANY;
GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA; HARTFORD
FIRE INSURANCE COMPANY; VIGILANT
INSURANCE COMPANY, GREAT
NORTHERN INSURANCE COMPANY,
              *Intervenors-Appellants,*

                  v.                              No. 00-1482

NATIONSBANK, N.A.,
                  *Defendant-Appellee,*

            and

ARCADE TEXTILES, INCORPORATED;
YORK COUNTY INDUSTRIES, LIMITED;
ABSOLUTELY TERRY COMPANY,
INCORPORATED; AMERICAN SPIRIT
INDUSTRIES, INCORPORATED; AMERICAN
SPIRIT FASHIONS, LIMITED, BARAS
JERSEY, INCORPORATED; BEATE
REALTY CORPORATION; BLOCK'S
FASHION FABRICS, INCORPORATED;
BRASKINGS INCORPORATED; BRITANNIA
MILLS, INCORPORATED; BROOKS

TEXTILES, INCORPORATED; C&L OF NEW YORK CORPORATION; CHARLENE FABRICS CORPORATION; CONTEMPORA FABRICS, INCORPORATED; CREATIVE FABRIC SERVICES, LLC; CYBER KNITS, INCORPORATED; DYNASTY USA, INCORPORATED; ESSEX FABRICS, INCORPORATED; ETHNIX NEW YORK, INCORPORATED; FABRIC AND FABRIC, INCORPORATED; FAVRILE FABRICS OF FLORIDA, INCORPORATED; KARMAR FABRICS, INCORPORATED; KNIT IDEAS, INCORPORATED; KUTTNER PRINTS, INCORPORATED; LA CENTURY TEXTILES, INCORPORATED; LEAMARK, INCORPORATED; LIBA FABRICS CORPORATION; PLAN B TEXTILES, LLC; PAUL GOTTLIEB & COMPANY; PLAZA TEXTILE CORPORATION; RG TEXTILE COMPANY, INCORPORATED; RPJ SPORTSWEAR, INCORPORATED; ROSS SPORTS WEAR, INCORPORATED; SPANTECH FABRICS CORPORATION; SPORTSWEAR, INCORPORATED; STARENSIER, INCORPORATED; STYLETEX, INCORPORATED; SUMMIT KNITTING MILLS, INCORPORATED; SWINGTIME, INCORPORATED; SYMPHONY FABRICS CORPORATION; TODD KNITTING CORPORATION; TRIPLE TEX FABRICS; UNIVERSAL MFG CORPORATION; VERATEX, INCORPORATED,

*Defendants,*

ZURICH INSURANCE COMPANY,
                    *Intervenor-Defendant.*

SECURITY INSURANCE COMPANY OF
HARTFORD,
                              *Plaintiff,*

          and

ZURICH INSURANCE COMPANY,
                    *Intervenor-Appellant,*

          v.

NATIONSBANK, N.A.,
                    *Defendant-Appellee,*

          and

ARCADE TEXTILES, INCORPORATED;
YORK COUNTY INDUSTRIES, LIMITED;
ABSOLUTELY TERRY COMPANY,
INCORPORATED; AMERICAN SPIRIT
INDUSTRIES, INCORPORATED; AMERICAN
SPIRIT FASHIONS, LIMITED, BARAS
JERSEY, INCORPORATED; BEATE
REALTY CORPORATION; BLOCK'S
FASHION FABRICS, INCORPORATED;
BRASKINGS INCORPORATED; BRITANNIA
MILLS, INCORPORATED; BROOKS
TEXTILES, INCORPORATED; C&L OF
NEW YORK CORPORATION; CHARLENE
FABRICS CORPORATION; CONTEMPORA
FABRICS, INCORPORATED; CREATIVE
FABRIC SERVICES, LLC; CYBER KNITS,
INCORPORATED; DYNASTY USA,

No. 00-1501

INCORPORATED; ESSEX FABRICS,
INCORPORATED; ETHNIX NEW YORK,
INCORPORATED; FABRIC AND FABRIC,
INCORPORATED; FAVRILE FABRICS OF
FLORIDA, INCORPORATED; KARMAR
FABRICS, INCORPORATED; KNIT IDEAS,
INCORPORATED; KUTTNER PRINTS,
INCORPORATED; LA CENTURY
TEXTILES, INCORPORATED; LEAMARK,
INCORPORATED; LIBA FABRICS
CORPORATION; PLAN B TEXTILES,
LLC; PAUL GOTTLIEB & COMPANY;
PLAZA TEXTILE CORPORATION; RG
TEXTILE COMPANY, INCORPORATED;
RPJ SPORTSWEAR, INCORPORATED;
ROSS SPORTS WEAR, INCORPORATED;
SPANTECH FABRICS CORPORATION;
SPORTSWEAR, INCORPORATED;
STARENSIER, INCORPORATED;
STYLETEX, INCORPORATED; SUMMIT
KNITTING MILLS, INCORPORATED;
SWINGTIME, INCORPORATED; SYMPHONY
FABRICS CORPORATION; TODD
KNITTING CORPORATION; TRIPLE TEX
FABRICS; UNIVERSAL MFG
CORPORATION; VERATEX,
INCORPORATED,

*Defendants,*

ATLANTIC MUTUAL INSURANCE
COMPANY; COMMERCIAL UNION
INSURANCE COMPANY; FEDERAL
INSURANCE COMPANY; LIBERTY
MUTUAL INSURANCE COMPANY;
GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA; HARTFORD
FIRE INSURANCE COMPANY; VIGILANT
INSURANCE COMPANY; GREAT
NORTHERN INSURANCE COMPANY,
            *Intervenors-Defendants.*

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson Jr., Chief District Judge.
(CA-98-2545-0-17)

Argued: January 24, 2001

Decided: March 15, 2001

Before NIEMEYER and KING, Circuit Judges, and
David A. FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Peter W. Vogt, Charlotte, North Carolina, for Appellants.
James Wade Sheedy, SPENCER & SPENCER, P.A., Rock Hill,
South Carolina, for Appellee. **ON BRIEF:** Tracy Eggleston, Char-
lotte, North Carolina; John F. Blount, SWIFT, CURRIE, MCGHEE
& HIERS, Atlanta, Georgia, for Appellants. W. Chaplin Spencer, Jr.,

SPENCER & SPENCER, P.A., Rock Hill, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this diversity action, the Intervenor-Appellants Atlantic Mutual Insurance Company, et al. ("Appellants"),[1] challenge the district court's award of partial summary judgment to appellee NationsBank. The district court filed its Order granting partial summary judgment on March 16, 2000; thereafter, on April 28, 2000, the court certified its Order as immediately appealable under Rule 54(b) of the Federal Rules of Civil Procedure.[2] We agree with the analysis of the district court, and we affirm its decision.

---

[1]The nine Intervenor-Appellants are Atlantic Mutual Insurance Company, Commercial Union Insurance Company, Federal Insurance Company, General Accident Insurance Company of America, Great Northern Insurance Company, Hartford Fire Insurance Company, Liberty Mutual Insurance Company, Vigilant Insurance Company, and Zurich Insurance Company.

[2]We recognize that an award of partial summary judgment is not ordinarily a final order and, as such, not immediately appealable. In this case, however, after Notices of Appeal were prematurely filed (on April 12 and April 17, 2000), the district court, on April 28, 2000, certified its March 16, 2000 Order as a "final judgment" under Rule 54(b). *See Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 532 (4th Cir. 1991) (absent prejudice to appellee, district court may enter a 54(b) judgment after notice of appeal has been filed). Thus, in conformance with Rule 4(b)(2) of the Federal Rules of Appellate Procedure, the prematurely filed notices of appeal are treated as filed on "the date of and after the entry" of judgment. We accordingly possess jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.

## I.

### A.

On November 3, 1997, a fire destroyed a textile mill operated by Arcade Textile, Inc. ("Arcade") in Rock Hill, South Carolina. Among the items lost in the fire were a significant volume of "griege goods," which belonged to Arcade's customers and were in various stages of finishing. Arcade was insured under a policy (the "Policy") issued by Plaintiff Security Insurance Company ("Security"). The Policy provided Arcade with $4.42 million in coverage for "Business Personal Property," including coverage for the "personal property of others." J.A. 92. Pursuant to the Policy, the phrase "personal property of others" was defined as "property of others that is in 'your' care, custody, or control." *Id.*

As a result of the losses caused by the fire, more than twenty-five of Arcade's customers have claimed against the proceeds of the Policy. Together, the claims total several millions of dollars in excess of the coverage provided Arcade under the Policy. In order to settle the various issues arising from these claims, Security filed a Complaint for Interpleader in the District of South Carolina, asking the court to distribute the proceeds of the Policy.

The nine Appellants insured fifteen of Arcade's customers. In accordance with those customers' insurance policies, the Appellants were called upon to reimburse their policyholders for the destruction of the griege goods. The Appellants sought leave to intervene in the interpleader proceedings in the district court, requesting contribution under the Business Personal Property provisions of the Policy. On August 6, 1999, NationsBank filed its Motion for Summary Judgment in the interpleader action, seeking a ruling that the Appellants were not entitled to contribution of any kind under the Policy.[3] The district court agreed with NationsBank on this point and issued its March 16, 2000 Order granting partial summary judgment. This appeal followed.

---

[3]NationsBank possesses a lien on Arcade's personal property that was damaged in the fire. It therefore was also a claimant on the proceeds of the Policy.

B.

The Appellants assert that, because the coverage provided by the Policy on the griege goods was concurrent with the coverage they provided their policyholders for those same goods, they are entitled to pro rata contribution from the proceeds of the Policy. Under South Carolina law, concurrent insurance coverage exists if separate policies insure (1) the same entity, (2) against the same risk, (3) to the same object, (4) absent some express intent to the contrary ("total policy insuring intent"). *South Carolina Ins. Co. v. Fidelity and Guaranty Ins. Underwriters, Inc.*, 489 S.E.2d 200, 203 (S.C. 1997) ("*SCIC*"). In its Order, the district court analyzed the issues fully, and it found that concurrent coverage did not exist because the Policy, on the one hand, and the policies written by the Appellants, on the other, did not insure the same entity. Specifically, the court ruled that "[a]lthough the coverage [of 'personal property of others' in the Policy] benefitted the third parties, it was primarily for the benefit of Arcade." Order, at 6.

Additionally, the district court concluded that the "total policy insuring intent" of both the Policy and the policies written by the Appellants was that the losses involved should not be prorated. The district court based this determination on three factors. First, it held that the "policies are not on an equal footing" because they were intended to insure different entities, namely, either Arcade or the Appellants, but not both. Order, at 6, 7. Second, the district court observed that the Appellants were "attempting to benefit from a policy on which they have not paid any premium." *Id.*, at 7. Third, the court reasoned that prorating "only benefits the intervenor insurance companies." *Id.*; *see SCIC*, 489 S.E.2d at 204 (listing factors for courts to consider in ascertaining intent of insurance policies).

II.

We have fully considered the briefs and arguments of the parties, and we agree with the district court. It properly concluded, applying the law of South Carolina, that NationsBank was entitled to partial summary judgment. We are therefore content to affirm on the reasoning of the district court's Order of March 16, 2000. *See Security Ins. Co. of Hartford v. Arcade Textiles, Inc.*, No. CA-98-2545-17 (D.S.C. Mar. 16, 2000).

*AFFIRMED*